WATKINS, Judge.
This is an action ex delicto to recover damages for injuries the plaintiff received when she failed to negotiate a step-down in Picou’s Builders Supply Company (Picou’s), the defendant store. The trial judge rendered judgment for the defendant. We affirm.
The plaintiff, Mrs. White, was a patron of Picou’s. On the date of the accident, Mrs. White went to Picou’s during business hours to purchase materials to be used for repairs to her home. As Mrs. White approached the counter from the rear of the store, she fell, allegedly because of her failure to negotiate a single step-down which separated the elevated rear portion of the store from the front portion. As a result of the fall, Mrs. White suffered injuries to her spine and incurred substantial medical expenses.
The trial judge concluded that the step-down was neither unreasonably dangerous.' nor unsafe, and therefore found the defend *988 ant free from negligence. Further, at the plaintiff’s request for an assessment of percentage of negligence based on comparative fault, the trial judge held that the plaintiff’s negligence amounted to one hundred per cent (100%), and this was the sole cause of the accident.
On appeal, the plaintiff sets forth several specifications of error. The first specification of error concerns the trial judge’s reliance on the testimony of Mrs. Picou, the defendant’s witness. Mrs. Picou, contrary to the testimony of the plaintiff and her daughter, testified that there were warning signs as well as a warning on a safety mat in the immediate area of the accident, and that the warnings were definitely there at the time of the accident. In his written reasons for judgment, the trial judge indicated that he was quite impressed with Mrs. Pieou’s testimony and that he accepted it without reservation. The trial judge is in the best position to assess the credibility of the witnesses. The reviewing court must therefore give great weight to the factual conclusions of the trier of fact. Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on appeal. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
After a review of the record, it is clear that the trial judge was justified in relying on the convincing testimony of Mrs. Picou. Mrs. Picou supervised the operations at the store and was in a position to know of the existence and location of any warning signs in the area of the accident. She testified that on the day of the accident, a warning mat which read in bold letters, “Watch Your Step” was placed on the top level of the step, and two signs which she had constructed were posted nearby to warn of the step-down. Mrs. Picou’s testimony is further corroborated by that of the investigating police officer and by an invoice from Red Stick Linen Supply showing the safety mat as a periodic replacement item which had been replaced just several days prior to the accident.
The remaining specifications of error set forth on appeal by the plaintiff concern the trial court’s failure to find liability on the part of the defendant.
After a review of the record and the applicable law, we are in accord with the trial court’s decision. As we previously stated, the trial judge accepted the testimony of Mrs. Picou which established the presence of adequate warning signs in the immediate vicinity of the accident. These warnings consisted of two signs which Mrs. Picou constructed, and a safety mat. The record establishes that a well secured hand rail ran down the store aisle at the step-down. Further, the plaintiff testified that she patronized the store on a regular basis. We therefore conclude that the plaintiff knew or reasonably should have known of the existence of the step-down, and that this step-down was not unreasonably dangerous or unsafe. Findings of fact by the trial judge will not be disturbed on appeal unless clearly and manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Company, supra.
For the foregoing reasons, the judgment of the trial court is hereby affirmed. Plaintiffs to bear all costs at trial and on appeal.
AFFIRMED.